IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02399-NYW-TPO

JASON HAUBENREISER;
DANIEL K. MILLER;
ELIZABETH D. WILHOUR; and
SEAN M. WILHOUR,

       Plaintiffs,

v.

CITY AND COUNTY OF DENVER;
DENVER POLICE DEPARTMENT;
LIEUTENANT JAMES COSTIGAN;
MARY J. DULACKI;
OFFICER EMMET HURD;
DETECTIVE SPITZER;
OFFICER ALVARADO;
OFFICER YANEZ;
OFFICER LEE;
DENVER DEPARTMENT OF HEALTH AND PUBLIC ENVIRONMENT;
INSPECTOR OCHOA; and
SUPERVISOR MATSUDA,

       Defendants.

---

## RECOMMENDATION

---

**Timothy P. O'Hara, United States Magistrate Judge.**

This matter comes before the Court upon Defendants' Motion to Dismiss [ECF 40].[1]

Having reviewed the relevant briefing, the First Amended Complaint (FAC) [ECF 33], and the

applicable legal authority, this Court finds that neither oral argument nor additional briefing would

---

[1] The Motion was referred to the undersigned by U.S. District Judge Nina Y. Wang for recommendation. ECF 41.

materially assist in issuing this Recommendation. As explained herein, this Court respectfully **recommends** that the Motion to Dismiss [ECF 40] be **granted in part and denied in part**.[2]

## FACTUAL BACKGROUND[3]

Plaintiffs—Mr. Jason Haubenreiser, Mr. Daniel Miller, Ms. Elizabeth Wilhour, and Mr. Sean Wilhour—reside at the Avantus Apartments ("the Property"), a residential apartment property located in Denver, Colorado. ECF 33 ¶¶ 5-7; 43. Throughout the FAC, Plaintiffs detail criminal activity, *see, e.g., id.* ¶¶ 25-28, and habitability issues at the Property, *id.* ¶ 37. Plaintiffs have made voluminous reports to law enforcement and local agencies regarding these conditions. *Id.* ¶¶ 4-7; 18; 23; 25; 37; 48-49; 52-53; 56; 62. Despite their reports, Plaintiffs allege that the Denver Police Department (DPD) and its officials have failed to address their concerns about the offensive conduct and conditions. *Id.* ¶¶ 25-27; 31; 64; 68 Specifically, on an unknown date, Plaintiffs met with Defendant James Costigan, who personally assured Plaintiffs that their concerns would be addressed. *Id.* ¶¶ 23; 25-27.

Plaintiff Haubenreiser also alleges he was wrongfully arrested on two occasions. *Id.* ¶¶ 63-65. Following one allegedly wrongful arrest, Plaintiff Haubenreiser's concealed carry license was revoked. *Id.* ¶¶ 66; 75. Plaintiff also alleges that during one arrest he was denied access to his service animal in violation of the Americans with Disabilities Act (ADA). *Id.* ¶ 32.

---

[2] The Court notes that Plaintiff Haubenreiser has filed a Motion for Leave to File [Second] Amended Complaint [ECF 57]. Because it has not been referred and is not before this Court, the Motion has not been considered in issuing the instant Recommendation.

[3] The Court takes the facts listed in this section from the well-pled facts found in Plaintiffs' First Amended Complaint (FAC) and presumes they are true for the purposes of this Recommendation. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citing *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006)); *see also Boulter v. Noble Energy*, 521 F. Supp. 3d 1077, 1082 (D. Colo. 2021) (citing *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995)).

The FAC details discrete acts of physical violence perpetrated upon Plaintiffs Haubenreiser and Miller. For example, Plaintiff Haubenreiser alleges that he was assaulted on April 28, 2024, by a "gang member," resulting in severe injuries and hospitalization. *Id.* ¶ 31. According to the FAC, several weeks prior to this assault, on April 7, 2024, DPD responded to a disturbance at the apartment building involving the individual that assaulted Plaintiff. *Id.* ¶¶ 30-31. Plaintiffs allege that "officers granted the gang member explicit permission to climb balconies to access apartments,"[4] which Plaintiffs allege exposed them to further risk of harm because the resident had previously made threats of violence towards Plaintiff Haubenreiser and at least one other resident. *Id.* Plaintiff Miller also alleges he was assaulted by "a gang member" on October 15, 2024, whom Plaintiff Miller had "previously reported to DPD." *Id.* ¶ 52.

Concerning the habitability issues, Plaintiffs reported issues to property management, local agencies, and law enforcement. *Id.* ¶¶ 36-42. Plaintiffs generally allege that these issues were pervasive, and the City failed to enforce its municipal code against the Property. Plaintiffs frame these habitability issues as violations under the Fourteenth Amendment, *id.* ¶¶ 62, 66; the ADA, *id.* ¶ 63; the "Federal Housing Standards" (42 U.S.C. § 1437 and 24 C.F.R. § 982.401), *id.* ¶ 68; and various state tort laws, *id.* ¶¶ 67, 69, 72-74.

The FAC is brought by four separate Plaintiffs and alleges fourteen[5] claims against twelve Defendants. Many claims are on behalf of all Plaintiffs against most or all of the Defendants. Defendants' Motion to Dismiss included a table, identifying what claims are alleged, by which

---

[4] Plaintiffs do not allege which police officers granted this permission, nor which balconies were included in this permission.

[5] The FAC also lists "Claim 15: Colorado Governmental Immunities Act (CGIA)" and "Claim 16: Qualified Immunity." ECF 33 ¶¶ 76-77. As noted by Defendants, Plaintiffs raise legal arguments for why the Eleventh Amendment and Qualified Immunity do not bar their claims. ECF 40 at 5 n.2. The Court does not construe these as independent claims for relief.

Plaintiff(s), and against whom. The table is consistent with the Court's construction of the claims

alleged and is a helpful reference. For clarity, the Court incorporates Defendants' table into its

Recommendation:

| No. | Claim | Plaintiff(s) | Asserted Against | Paragraphs |
|---|---|---|---|---|
| 1. | § 1983 – Fourteenth Amendment violation- Failure to Protect | All | All Defendants | 4-7, 18, 23-31 (Haubenreiser), 44-54 (Miller and Wilhours), Claim 1 |
| 2. | Violation of Americans with Disabilities Act | Haubenreiser and Miller | All Defendants | 4-5, 16, 32 (Haubenreiser), Claim 2 |
| 3. | § 1983 – First Amendment retaliation | All | Denver, DPD, named DPD officers, Mary Dulacki | 33-34 (Haubenreiser), Claim 3 |
| 4. | § 1983 – Fourth Amendment violation – unlawful arrest | Haubenreiser | Denver, DPD, named DPD officers, Mary Dulacki | 4, 12-14, 32, 35, Claim 4 |
| 5. | § 1983 – Fourteenth Amendment – procedural due process – wrongful revocation of concealed carry permit, failure to enforce habitability standards | All | Denver, DPD, named DPD officers, Mary Dulacki, DPHE | 4, 12-14, 20, 33 (Haubenreiser), Claim 5 |
| 6. | Intentional Infliction of Emotional Distress | All | Denver, DPD, named DPD officers, Mary Dulacki, DPHE | 4-7, 38-31, 37, 42 (Haubenreiser), 49-53, 60 (Miller and Wilhours), Claim 6 |
| 7. | Violations of Federal Housing Standards | All | DPHE, Inspector Ochoa, Supervisor Matsuda | 16-17, 36-42 (Haubenreiser), 56-60 (Miller and Wilhours), Claim 7 |

4

| 8. | Negligence | All | Denver, DPD, named DPD officers, Mary Dulacki, DPHE | 4-7, 16-18, 23-31, 36-42 (Haubenreiser), 44-54, 56-60 (Miller and Wilhours), Claim 8 |
|---|---|---|---|---|
| 9. | § 1983 – Civil Conspiracy | Haubenreiser, Miller | Denver, DPD, named DPD officers, Mary Dulacki, DPHE | *See* Claims 1-8, Claim 9 |
| 10. | § 1983 – Failure to train and supervise | All | Denver, DPD | 19, Claim 10 |
| 11. | Gross Negligence | All | Denver, DPD, named DPD officers, Mary Dulacki, DPHE | *See* Claim 6 |
| 12. | Intentional Interference with Business Relations | Haubenreiser | Denver, DPD, named DPD officers, Mary Dulacki | 4, 11-12, 33, Claim 12 |
| 13. | Gross Negligence Against Denver | All | Denver | *See* Claim 10 |
| 14. | § 1983 – Second Amendment | Haubenreiser | Mary Dulacki | 4, 11-2, 33, Claim 14 |

ECF 40 at 4-5.

## LEGAL STANDARDS

### I.     Treatment of a Pro Se Plaintiff's Complaint

A pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "'Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on the plaintiff's behalf.'" *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74

(10th Cir. 1997)). The Tenth Circuit has interpreted this rule to mean that if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [it] should do so despite the plaintiff's failure to cite proper legal authority, [their] confusion of various legal theories, [their] poor syntax and sentence construction, or [their] unfamiliarity with pleading requirements." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Hall*, 935 F.2d at 1110). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Garrett*, 425 F.3d at 840 (quoting *Hall*, 935 F.2d at 1110).

## II.     Fed. R. Civ. P. 8

Pleadings stating a claim must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "A district court may employ[] Rule 41(b) to dismiss a case without prejudice for failure to comply with Rule 8 . . . without attention to any particular procedures . . ." *Rainville v. Smith*, No. CIV-25-465-G, 2025 WL 2964339, at *1 (W.D. Okla. Oct. 17, 2025) (internal quotations omitted) (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1161 (10th Cir. 2007)). "Generally, plaintiffs must allege in a clear, concise, and organized manner what each defendant did to them, when the defendant did it, how the defendant's action harmed them, what specific legal right they believe the defendant violated, and what specific relief is requested as to each defendant." *San Miguel Hospital Corp. v. Publix Supermarket, Inc.*, No. 23-cv-00903 KWR/JFR, 2025 WL 2939378, at *4 (D. N.M. Oct. 15, 2025) (citing *Nasious*, 492 F.3d at 1163).

## III.    Fed. R. Civ. P. 12(b)(6)

Under Rule 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) motions "test the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley*

6

*v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (citing *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's claims are plausible when the well-pleaded facts allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. When considering a Rule 12(b)(6) motion, a court must "presume[] all of plaintiff's factual allegations are true and construe[] them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1109.

However, the court need not accept as true mere legal conclusions asserted with "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. (citing *Twombly*, 550 U.S. at 555). The court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). If a plaintiff's factual allegations have not "nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570. Plausibility is a "low bar for surviving a motion to dismiss," *Quintana v. Santa Fe Cnty. Bd. of Comm'rs*, 972 F.3d 1022, 1034 (10th Cir. 2020), and a "well-pleaded complaint may proceed

7

even if it strikes a savvy judge that actual proof of these facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## PROCEDURAL BACKGROUND

Plaintiffs filed their original Complaint on August 29, 2024. ECF 1. On April 7, 2025, Plaintiffs were granted Leave to Amend, and they subsequently filed the FAC. ECFs 30; 32; 33. On April 21, 2025, all Defendants filed the instant Motion to Dismiss. ECF 40. Plaintiffs did not timely file a response.

Noting Plaintiffs' failure to respond to Defendants' Motion to Dismiss, on December 22, 2025, this Court *sua sponte* provided Plaintiffs another opportunity to file a response and advised Plaintiffs that "**failure to timely Respond could result in this Court issuing a Recommendation regarding disposition of Defendants' Motion to Dismiss without their input.**" ECF 45 (emphasis in original). This Court set a new deadline to respond by January 5, 2026. *Id.*

On January 20, 2026, Plaintiff Haubenreiser, on his own behalf and not on behalf of the co-Plaintiffs, filed a Response and Motion for Acceptance of this Response as Timely. ECF 46 at 1 ("Plaintiff files this Response on his own behalf only."). Defendants filed a Reply, objecting to Plaintiff Haubenreiser's untimely response. ECF 50.

Having considered the relevant briefing and Plaintiff Haubenreiser's Consolidated Response and Motion for Acceptance of the Response [ECF 46], the Court **grants** the Motion to the extent that it asks the Court to accept and consider Plaintiff Haubenreiser's Response. The Court notes Defendants' objections and its prior advisement that it was not inclined to grant further extensions. *See* ECF 45. However, the docket reflects that Plaintiff Haubenreiser's mail has been

8

returned undeliverable. *See* ECFs 17, 48, and 52. The Court also accepts the Response to facilitate resolution of the dispositive issues on their merits.

Because Plaintiffs Miller and the Wilhours did not file a Response, even after granting a generous extension, this Recommendation is issued without the benefit of their input.[6] However, a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) may not be granted solely for failure to respond, and the Court must "still examine the allegations in the plaintiff[s'] complaint and determine whether the plaintiff[s] ha[ve] stated a claim upon which relief can be granted." *Issa v. Comp USA*, 354 F.4th 1174, 1178 (10th Cir. 2003) (citing *McCall v. Pataki*, 232 F.3d 322-23 (2d Cir. 2000)).

## ANALYSIS

### I.    Fed. R. Civ. P. 8

This Court begins by analyzing Plaintiffs' claims in the FAC under Fed. R. Civ. P. 8. While Defendants do not raise an objection on this basis, this Court under Fed. R. Civ. P. 41(b) may sua sponte dismiss an entire action for "failure to comply with any aspect of the Federal Rules of Civil Procedure." *Nasious*, 492 F.3d at 1161 (citing *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)) (noting that although "Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts [as here] to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the rules of civil procedure or court's orders."). "[P]rolix, vague, or unintelligible pleadings violate the requirements of Rule 8." *Davalos v. Gossett*, No. 22-cv-0191-LTB-GPG, 2022 WL 18457304, at *3 (D. Colo. Dec. 5, 2022). "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable

---

[6] The Court notes that there appear to be no issues with delivering mail for Plaintiffs Miller and the Wilhours, despite all Plaintiffs residing at the same apartment complex.

likelihood of mustering factual support for *these* claims." *Ozsusamlar v. Wiley*, No. 12-cv-00714-REB-MJW, 2014 WL 717199, at *6 (D. Colo. Feb. 25, 2014) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007); *see also Tunson-Harrington v. Arthur*, 2023 WL 4882730, at *2 (D. Colo. June 27, 2023) (citing *Nasious*, 492 F.3d at 1163)).

In the FAC, Plaintiffs bring a total of *299 claims*.[7] *See generally* ECF 33. These involve a wide variety of causes of action, including claims under: 42 U.S.C. § 1983 (Unlawful Arrest, Retaliation, Failure to Protect, Civil Conspiracy), the ADA, the habitability of Plaintiffs' apartment building, and even the Second Amendment to the United States Constitution. *See id.* As it relates to the large majority of the claims, Plaintiffs fail to state any factual basis for any particular Plaintiff to be able to demonstrate a plausible claim against any specific Defendant.[8]

Because this practice is widespread throughout the Complaint, causing the defendants and this Court to engage in a significant amount of unnecessary analysis, much like the Magistrate Judge in *Nasious*, this Court finds that Plaintiffs' FAC fails to meet even the low bar of Fed. R. Civ. P. 8. *Nasious*, 492 F.3d at 1160 (Magistrate Judge "found that Mr. Nasious's pleading fell far short of what is required under even a liberal construction of [] Rule [Eight].") As a result, this

---

[7] This Court arrives at this calculation by multiplying the total number of Plaintiffs on each claim by the total number of Defendants on each claim and then adding them all together. For example, in Claim One, all four Plaintiffs join. ECF 33 ¶ 62 ("Applicable to: Plaintiffs Haubenreiser, Miller, and the Wilhours."). Plaintiffs bring Claim One against 11 Defendants: City of Denver, Denver Police Department, Lieutenant Costigan, Mary Dulacki, "Named Officers" (Hurd, Spitzer, Alvarado, Yanez, and Lee), DPHE, Inspector Ochoa, Supervisor Matsuda. *Id.* Because each Plaintiff alleges a claim against each Defendant, this would be 44 total claims contained in Claim One alone.

[8] Once again, by way of example, in Claim One, Plaintiffs Daniel Miller, Elizabeth Wilhour, and Sean Wilhour all allege a § 1983 violation against individual Defendants Dulacki, Hurd, Spitzer, Alvarado, Yanez, and Lee. ECF 33 ¶ 62. The only factual support in the Complaint against these specific Defendants relates to allegations against Plaintiff Haubenreiser. *Id.* ¶¶ 11-14. As a result, Plaintiffs have failed to plead a plausible claim for three Plaintiffs as to 6 Defendants, amounting to *18 examples of a failure to plead a plausible claim.*

Court could recommend dismissal on that basis alone. Like many of the cases that address fundamental deficiencies of this sort, the dismissal would be without prejudice. *See Davalos*, 2022 WL 18457304, at *4; *Rosa v. Roybal,* No. 23-cv-00983-KLM, 2023 WL 12130900, at *3 (D. Colo. May 24, 2023).

Although this Court likely could stop here and send Plaintiffs back to the drawing board, this Court sees merit in addressing the individual claims and Defendants' arguments with some specificity under Fed. R. Civ. P. 12(b)(6). Hopefully, this will help Plaintiffs to focus the lawsuit on those claims that have factual proof in support. Casting the net exceedingly wide as to defendants and claims, without some demonstration of evidence to support such breadth, will not be allowed going forward.

**II.    42 U.S.C. § 1983**

42 U.S.C. § 1983 provides a mechanism for individuals to sue local governing bodies and state officials in their individual capacities for constitutional violations. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978); *Brown v. City of Tulsa*, 124 F.4th 1251, 1264-65 (10th Cir. 2025). ""The injury that is the 'basis of action' in a § 1983 claim is the violation of a constitutional right." *Romero v. Lander*, 461 F. App'x 661, 667 (10th Cir. 2012) (citing *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998)); *see Maher v. Gagne*, 448 U.S. 122, 129 at n.11 (1980). A claim for relief under § 1983 is limited to individual liability for personal involvement in causing a constitutional violation. *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1987) (citation omitted); *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted) ("Personal participation is an essential allegation in a § 1983 claim."). A § 1983 plaintiff must establish how each individual defendant caused or participated in the constitutional violation and how such individual defendant did so with the requisite state of mind. *See Robbins v.*

11

*Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 564) (in § 1983 cases, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*").

The Court pauses to note that Plaintiff Haubenreiser has essentially conceded the Defendants' argument that DPD and DPHE are not suable entities. ECF 46 at 10. The Court will thus construe claims against DPD and DPHE as alleged against the City and County of Denver. This Court also recommends that all claims against DPD and DPHE be dismissed with prejudice as improper parties.

## A. *Fourteenth Amendment (Claims One and Five)*

The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. Plaintiffs' Claims One and Five are brought under the Fourteenth Amendment. In Claim One, Plaintiffs allege that Defendants failed to protect them from violence in violation of their substantive due process rights, under both the "special relationship" and "state-created danger" theories. ECF 33 ¶ 62. Claim Five alleges two distinct procedural due process violations: (1) Mr. Haubenreiser's wrongful arrests;[9] and (2) DPHE's failure to enforce habitability standards. *Id.* ¶ 66.

### 1) Substantive Due Process—Failure to Protect

"Generally, state actors may only be held liable under § 1983 for their own acts, and not for the violent acts of third parties." *Ruiz v. McDonnell*, 299 F.3d 1173, 1182 (10th Cir. 2002) (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989)).

---

[9] To the extent that Plaintiff Haubenreiser raises a due process claim relating to the revocation of his right to possess a firearm, it will be addressed as part of his Second Amendment claim.

[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security.

*DeShaney*, 489 U.S. at 195. The Tenth Circuit has recognized two narrow exceptions to this general rule: "(1) the special relationship doctrine; and (2) the 'danger creation theory.'" *Uhlrig v. Harder*, 64 F.3d 567, 572 (10th Cir. 1995). If there is a custodial relationship between the state and the plaintiff, the "special relationship" exception may be applicable. *Id.*; *see also Gray v. Univ. of Colo. Hosp. Auth.*, 672 F.3d 909, 924 (10th Cir. 2012) (citations omitted) (discussing "restraints of liberty" necessary to establish a special relationship, such as "arrest, incarceration, and institutionalization"). In the absence of a custodial relationship, a state actor "can be liable for the acts of third parties where those officials 'created the danger' that caused the harm." *Armijo v. Wagon Mount Pub. Schs.*, 159 F.3d 1253, 1260 (10th Cir. 1998) (quoting *Seamons v. Snow*. 84 F.3d 1226, 1236 (10th Cir. 1998)) (quotations omitted).

*No Special Relationship*

First, Plaintiffs allege that a special relationship exists because of "repeated assurances" that Plaintiffs' concerns and reports "were acknowledged and would be addressed," establishing a "reliance-based duty of care." ECF 33 ¶ 62. The FAC states that Plaintiffs met with Defendant Costigan, who represented "that he was personally overseeing the situation and promised Plaintiffs he would follow up and take action." *Id.* ¶ 10. Plaintiffs allege that these statements created a special relationship, imposing a duty to protect them from further harm. *Id.* ¶¶ 10; 23; 26-27; 44; 62.

The Supreme Court rejected this argument in *DeShaney*, finding no substantive due process violation from the state's failure to protect a child from the risk of his father's physical abuse, even though the state "specifically proclaimed, by word and by deed, its intention to protect" the

13

petitioner. 489 U.S. at 197-98. In the substantive due process analysis, "[t]he affirmative duty to protect arises not from the State's knowledge of the individual's predicament or from its expressions of intent to help him," but from a restraint on an individual's liberty such as a custodial relationship. *Id.* at 201 (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)); *see Gray*, 672 F.3d at 923-24 (complaint did not allege "restrain[t] [on an individual's] liberty or freedom to act through a show of force or authority" to establish special relationship (citation omitted)).

Instead of pleading any restraints on their liberty creating a special relationship, Plaintiffs allude to common law tort, referencing foreseeability, ECF 33 ¶¶ 23; 26, and the "duty of care," *id.* ¶¶ 44; 62. However, a "special relationship" under state tort law is distinguishable from a "special relationship" imposing a constitutionally protected affirmative duty as contemplated by § 1983. *DeShaney*, 489 U.S. at 202 (citations omitted) ("the Due Process Clause of the Fourteenth Amendment . . . does not transform every tort committed by a state actor into a constitutional violation."). The foreseeability of danger does not support a § 1983 claim if there is no custodial relationship. *Graham*, 22 F.3d at 994. Plaintiffs thus cannot establish a special relationship based on Defendants' promises to address Plaintiffs' concerns. As a result, the FAC fails to plausibly allege a substantive due process claim under the special relationship exception.

*No State-Created Danger*

Next, Plaintiffs invoke the state-created danger doctrine because, taking Plaintiffs' allegations to be true, "DPD permitted and even gave specific permission to gang members to climb balconies, ignored reports of severe criminal activity, and failed to intervene in life-threatening situations," and "DPHE permitted severe habitability and safety violations to continue without proper enforcement." ECF 33 ¶ 62. Defendants argue that Plaintiffs have not pleaded affirmative conduct, or that any such conduct shocked the conscience. ECF 40 at 12-13.

14

To establish an exception under the state-created danger theory, "a state actor must create the danger or render the victim more vulnerable to the danger" that deprives an individual of life, liberty, or property. *Gray*, 672 F.3d at 928. "[A] showing of affirmative conduct and private violence are preconditions necessary to invoking the state-created danger theory." *Estate of B.I.C. v. Gillen*, 710 F.3d 1168, 1173 (10th Cir. 2013) (citing *Gray*, 672 F.3d at 920 n.8). If these two preconditions have been met, a plaintiff must prove all elements of a six-part test to be eligible for relief, specifically that:

> (1) the charged state actors created a danger or increased the plaintiff's vulnerability to the danger in some way; (2) the plaintiff was a member of a limited and specifically definable group; (3) the defendants' conduct put the plaintiff at substantial risk of serious, immediate, and proximate harm; (4) the risk was obvious or known; (5) the defendants acted recklessly in conscious disregard of that risk; and (6) the conduct, when viewed in total, shocks the conscience.

*Ruiz*, 299 F.3d at 1182-83 (citing *Armijo*, 159 F.3d at 1262-63). For the sixth element, "neither ordinary negligence nor permitting unreasonable risks qualifies as conscience shocking." *T.D. v. Patton*, 868 F.3d 1209, 1222 (10th Cir. 2017) (citing *Ruiz*, 299 F.3d at 1184).

As an initial matter, only private acts of *violence* are actionable under the state-created danger theory. *Gray*, 672 F.3d at 928. "*At the very least*, the term 'violence' in its legal sense typically connotes an act involving some degree of deliberateness." *Id.* Plaintiffs allege various harms under Claim One: "unchecked violence, vandalism, and intimidation, including physical assaults and credible threats of rape and murder because of DPD. The Plaintiffs [sic] dwelling, common areas, etc. were uninhabitable [and] unsafe." ECF 33 ¶ 62. Some of Plaintiffs' allegations, like habitability violations, acts of vandalism, intimidation, and threats of harm are not acts of physical violence to establish a state-created danger. *See id.*; *A.M. ex rel. Youngers v. New Mexico Dept. of Health*, 65 F. Supp. 3d 1206, 1265 (D.N.M. 2014) (although the six-part test was satisfied, state-created danger exception not applicable because there were no facts alleging physical

15

violence). Plaintiffs have provided no legal support for this Court to find these types of harms covered by the state-created danger exception.

The only alleged private, physical acts of violence alleged in the FAC are two physical assaults, one against Plaintiff Haubenreiser and another against Plaintiff Miller, respectively. *See* ECF 33 ¶¶ 31; 52. Yet these claims still fail as alleged because the second precondition for a claim for state-created danger, requiring Plaintiffs to establish the state actors' *affirmative conduct*, has not been met. "Affirmative conduct for purposes of § 1983 should typically involve conduct that imposes an *immediate threat of harm*, which by its nature has a limited range and duration." *Ruiz*, 299 F.3d at 1183 (emphasis added) (citations omitted). The deliberateness of the alleged conduct should be considered, and liability requires "(1) 'an intent to harm' or (2) 'an intent to place a person unreasonably at risk of harm.'" *Christianson v. City of Tulsa*, 332 F.3d 1270, 1281 (10th Cir. 2003) (quoting *Uhlrig*, 64 F.3d at 573).

Most of the conduct alleged by Plaintiffs amounts to the collective failure by law enforcement to enforce laws, *see* ECF 33 ¶¶ 62 (DPD ignored reports and failed to intervene), which is not "affirmative conduct." *See Gonzales v. City of Castle Rock*, 307 F.3d 1258, 1263 (10th Cir. 2002) (failure to enforce a restraining order not affirmative conduct); *Hernandez v. Ridley*, 734 F.3d 1254, 1259 (citing *Estate of B.I.C.*, 710 F.3d at 1173) ("Inaction by the state is insufficient"); *Villanueva v. El Paso Cnty.*, 463 F. Supp. 3d 1202, 1212 (D. Colo. 2020) (law enforcement permitting plaintiff to walk into perimeter set up to apprehend a suspect was not affirmative act). As a result, Plaintiffs' failure to protect claims premised on any Defendants' inactions, such as failure to investigate or respond to reports of criminal activity, failure to deliver on promises to address Plaintiffs' concerns, or refusing to respond to police calls fail to establish a state-created danger.

16

The FAC further alleges: "officers granted the [known] gang member explicit permission to climb balconies to access apartments during an interaction on April 7th, 2024." ECF 33 ¶ 30. Then, weeks after the "balcony-climbing incident," Mr. Haubenreiser was assaulted. *Id.* ¶ 31. Plaintiffs allege that Defendants' grant of permission "exacerbate[d] the danger to Plaintiffs." *Id.* ¶ 62. Plaintiffs fail to state a plausible claim here, too.

First, there are no specific factual allegations demonstrating any deliberate intent to create or increase danger to Plaintiff Haubenreiser by any specific officer. For example, even viewing the facts in a light most favorable to Plaintiff, the Court cannot infer that an unknown officer granting a "known gang member" permission to climb the balconies of an apartment building demonstrated an intent to harm or to place Plaintiff Haubenreiser in unreasonable risk of harm. And the danger posed by the assailant apparently predated the incident, so it was not *created* by any of the Defendants. *See Christianson*, 332 F.3d 1270 ("danger" in question . . . existed prior to defendants' intervention). Furthermore, Plaintiffs' failure to link any specific Defendants to the balcony climbing incident makes it impossible to discern deliberate intent.

Second, Plaintiffs have not demonstrated a causal link between the conduct of any Defendant granting permission to climb balconies and Plaintiff Haubenreiser's assault. The FAC alleges about *three weeks* separated the balcony climbing incident and the assault and fails to demonstrate any logical connection between the two. *See Gray*, 672 F.3d at 916-17 ("a complaint seeking recovery under § 1983 based on a state-created danger theory must allege a sufficient *causal link* between the danger created by an affirmative act of the State and the harm inflicted upon the victim by a private party").

17

### 2) Procedural Due Process

The Court applies a two-step inquiry to evaluate whether Plaintiffs have alleged a procedural due process violation: "(1) did the individual possess a protected interest such that the due process protections were applicable; and, if so, then (2) was the individual afforded an appropriate level of process." *Montgomery v. City of Ardmore*, 365 F.3d 926, 935 (10th Cir. 2004) (quoting *Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569, 577 (10th Cir. 1996)).

Even viewing the facts alleged in the FAC in Plaintiffs' favor, Plaintiffs' procedural due process claim based on any Defendants' failure to enforce habitability standards is meritless. "A state's violation of its own laws does not create a claim under § 1983." *Rector v. City & Cnty. of Denver*, 348 F.3d 935, 947 (10th Cir. 2003) (citing *Medina v. Crum*, 252 F.3d 1124, 1133 (10th Cir. 2001)). Plaintiffs' claim pertains only to Defendants' failure to enforce the municipal code, which is "purely a matter of state law and cannot be maintained as an action under § 1983." *Id.* (citing *Horn v. City of Chicago*, 860 F.2d 700, 704 n.7 (7th Cir. 1988)).

Therefore, this Court recommends that Claims One and Five should be dismissed. Plaintiffs have neither alleged a plausible substantive due process violation based on a failure to protect theory or a plausible procedural due process violation.

To the extent that Plaintiff Haubenreiser claims a wrongful arrest and an improper deprivation of his right to possess a firearm as part of this claim, those claims will be addressed with Plaintiffs' Fourth Amendment Violation and Second Amendment Violation, respectively.

### B. *Fourth Amendment—Unlawful Arrest (Claim Four)*

Claim Four is only asserted by Plaintiff Haubenreiser, alleging that he was unlawfully arrested without probable cause, in violation of the Fourth Amendment, on two separate occasions:

18

July 7, 2024, and October 28, 2024. ECF 33 ¶ 32, 35, 65. The Court separately considers each arrest.

The Fourth Amendment's protections against "unreasonable searches and seizures" mandates that arrests "must be reasonable under the circumstances." *Ashcroft v. al-Kidd*, 563 U.S. 731, 736 (2011); U.S. Constitution Amend. IV. A warrantless arrest "violates the Fourth Amendment unless that arrest was supported by probable cause." *Fogarty v. Gallegos*, 523 F.3d 1147, 1156 (10th Cir. 2008) (citing *United States v. Edwards*, 242 F.3d 928, 933 (10th Cir. 2001)). "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." *Jones v. City and Cnty. of Denver, Colo.*, 854 F.2d 1206, 1210 (10th Cir. 1988) (citations omitted). A defendant in a § 1983 action "is entitled to qualified immunity if a reasonable officer could have believed that probable cause existed to arrest or detain the plaintiff." *Cortez v. McCauley*, 478 F.3d 1108, 1120 (10th Cir. 2007) (*en banc*).

As an initial matter, Plaintiff asserts Claim Four against Defendants City of Denver, DPD, "Named Officers," and Dulacki. *See id.* ¶ 65. Personal involvement is only sufficiently alleged for Defendants Hurd, Yanez, and Lee, so Claim Four should be dismissed as to any other Defendant. *See Shash v. City of Pueblo*, 770 F. Supp. 3d 1279, 1294 (D. Colo. 2025) (dismissing defendants for lack of personal involvement in arrest based on involvement in investigation or presence at the scene); *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010) (individual liability under § 1983 requires personal involvement).

Generally, Defendants' Motion to Dismiss argues that Plaintiffs "provide only conclusory assertions" and have not pleaded sufficient facts to demonstrate that the arrests were without probable cause. *See* ECF 40 at 14.

### 1) July 7, 2024 Arrest

Disregarding Plaintiff Haubenreiser's legal conclusions that the arrest was unlawful or without probable cause, the only well-pleaded factual allegations concerning the arrest on July 7, 2024 are: (1) Defendant Hurd arrested Plaintiff Haubenreiser in response to a complaint from other individuals; and (2) Plaintiff Haubenreiser had previously reported these individuals to DPD for "serious criminal activity." ECF 33 ¶ 12. Plaintiffs allege that the report was false, but no further details are provided on the circumstances of the arrest. Simply put, Plaintiffs have not set forth allegations to make the grounds for relief clear that the arrest amounted to a constitutional violation, especially one that was clearly established to overcome qualified immunity. *See Robbins*, 519 F.3d at 1249 (citing *Twombly*, 550 U.S. at 555 n.3) (factual allegations should be enough for the court to determine whether the asserted claim is clearly established). Even accepting the properly pled *factual* allegations as true, this Court finds that Plaintiffs have not plausibly alleged an unlawful seizure in violation of the Fourth Amendment for the July 7, 2024 arrest.

### 2) October 28, 2024 Arrest

Plaintiffs provide more details about Plaintiff Haubenreiser's second arrest. Specifically, they allege:

(1) Defendants Lee and Yunez appeared at Plaintiff Haubenreiser's door around midnight, inquiring about water thrown on someone's car the previous day. *Id.* ¶ 14;

(2) Defendants Yanez and Lee were responding to a "false report made by individuals Plaintiff [Haubenreiser] had been reporting for criminal activity for months." *Id.* ¶¶ 14; 35;

20

(3) Plaintiff Haubenreiser began recording the interaction at some point, made demands to call a sergeant, take Plaintiff Haubenreiser's evidence; and stop harassing him. *Id.* ¶ 14;

(4) after Plaintiff Haubenreiser started recording, he was arrested, handcuffed, and detained. *Id.* ¶¶ 14; 35; and

(5) Defendants Yanez and Lee "instructed EMT's [sic] to shoot Plaintiff with Ketamine so they could arrest him again," but were stopped before the shot could be administered. *Id.* ¶¶ 14; 35.

These are well-pleaded facts, which the Court accepts as true and construes in a light most favorable to Plaintiffs.

At this stage, Plaintiffs have met the minimal burden of plausibly alleging that the October 28, 2024 arrest was an unlawful seizure in violation of the Fourth Amendment. "Probable cause is based on the totality of the circumstances, [sic] and requires reasonably trustworthy information that would lead a reasonable officer to believe that the person about to be arrested has committed or is about to commit a crime." *Cortez*, 478 F.3d at 1116 (10th Cir. 2007) (citing *Maryland v. Pringle*, 540 U.S. 366, 371 n.2 (2003)). In *Cortez*, the Tenth Circuit considered the totality of the circumstances surrounding an arrest and found the arrest was without probable cause because the officers relied on uncorroborated third-hand reports from a two-year-old to arrest the plaintiff from their home at midnight. *Id.* Here, the only implication of crime was a report of "water being thrown on someone's car—a day earlier," hardly criminal conduct for which Plaintiff Haubenreiser could be arrested, even if true. ECF 33 ¶ 14. Under the facts alleged, when viewed in a light most favorable to Plaintiff Haubenreiser, the officers failed to rely on reasonably trustworthy information and did not attempt to obtain information to verify the situation or confirm a crime occurred before effecting the arrest. *See Luethje v. Kyle*, 131 F.4th 1179, 1194 (10th Cir. 2025) (finding no probable cause and denying qualified immunity based on the officers' failure to investigate readily available information). The circumstances of the arrest, including that it was

21

effectuated at midnight for a crime that had happened a day earlier, also weigh against the reasonableness of the warrantless arrest. *See Cortez*, 478 F.3d at 1116-17; *See Tennessee v. Garner*, 471 U.S. 1, 8 (1985) (citations omitted) (reasonableness depends on when a seizure is made and how it was carried out).

Although Defendants have asserted qualified immunity, Defendants have only argued that Plaintiffs failed to plead probable cause—the first prong. To trigger a plaintiff's two-part burden, the defense must be adequately presented beyond a "perfunctory assertion." *Berryman v. Niceta*, 143 F.4th 1134, 1140-14 (10th Cir. 2025) (citations omitted). Defendants are thus not entitled to qualified immunity on this claim because Defendants have only raised that there are insufficient facts to plead an arrest without probable cause. Because the Court finds that Plaintiff Haubenreiser states a plausible Fourth Amendment violation for an unlawful arrest on October 24, 2024, Defendants' Motion to Dismiss should be **denied**, as it relates to that portion of the claim.

### C. *First Amendment—Retaliation (Claim Three)*

Claim Three alleges First Amendment retaliation in response to Plaintiffs' reports of criminal activity. ECF 33 ¶ 64. Plaintiff Haubenreiser alleges he was wrongfully arrested twice without probable cause and was harassed by DPD officers. *Id.* Plaintiffs Miller and the Wilhours allege that the retaliatory conduct was the dismissal of their complaints as "unfounded." *Id.*

To state a First Amendment retaliation claim, Plaintiffs must allege:

(1) That [they were] engaged in constitutionally protected activity; (2) that the defendants' actions caused [them] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendants' adverse action was substantially motivated as a response to [their] exercise of constitutionally protected conduct.

*Hinkle v. Beckham Cnty. Bd. of Cnty. Comm'rs*, 962 F.3d 1204, 1227 (10th Cir. 2020) (quoting

*Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000)) (quotations omitted). For a retaliatory

arrest claim, Plaintiff "must plead and prove the absence of probable cause for the arrest." *Nieves v. Bartlett*, 587 U.S. 391, 403 (2019).

The Court notes that Defendants do not argue that Plaintiffs have failed to plead a constitutionally protected activity. "[A] private citizen exercises a constitutionally protected First Amendment right *anytime* he or she petitions the government for redress." *See Van Deelen v. Johnson*, 497 F.3d 1151, 1156 (10th Cir. 2007). Plaintiffs' reports to DPD and DPHE thus satisfy the first element of a First Amendment retaliation claim.

### 1) Plaintiff Haubenreiser's arrests

However, the FAC does not establish a causal connection between Plaintiff Haubenreiser's arrests and a protected First Amendment speech or activity. As discussed above, Plaintiff Haubenreiser alleges he was wrongfully arrested based on a neighbor's false accusations and "uncorroborated claims by intoxicated individuals." *Id.* at 65. Therefore, by Plaintiffs' own representations, Plaintiff Haubenreiser's arrests were not directly related to Plaintiffs' First Amendment speech or activity. When a First Amendment retaliation claim is based on an arrest, failure to establish the absence of probable cause for the arrest also dooms the First Amendment retaliation claim. *See Nieves*, 587 U.S. at 403. As noted, the July 7, 2024 arrest does not plausibly allege the absence of probable cause. As to the October 24, 2024 arrest, the allegations do not suggest that the arrest was in response to Plaintiffs' reports to the police, and there is no indication the arresting officers were even aware of Plaintiff Haubenreiser's prior reports.

### 2) Harassment

Plaintiff also alleges that Defendant Spitzer "harassed" him after he reported a dog bite incident. ECF 33 ¶ 34. Instead of taking Plaintiff Haubenreiser's evidence about the dog bite, Plaintiffs allege Defendant Spitzer accused Plaintiff Haubenreiser of wrongful conduct and "issued

23

an illegal warrant against him." *Id.* The FAC also alleges that the warrant was issued "based on false accusations from the party whose dog had bitten Plaintiff." *Id.* ¶ 13.

To state a First Amendment retaliation claim based on this incident, the injury must be "sufficient to chill a person of ordinary firmness" from the alleged protected activity. *See Irizarry v. Yehia*, 38 F.4th 1282, 1293 (10th Cir. 2022). The Court finds that while Defendant Spitzer issuing a false warrant or threatening arrest would chill a person of ordinary firmness from seeking assistance from law enforcement, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1157 (10th Cir. 2007), the warrant issued in this case—and threat of arrest—was not due to Plaintiff Haubenreiser's reporting of a dog bite incident. Rather, the FAC suggests that the warrant and threats of arrest were based on another individual's allegedly false reports. ECF 33 ¶ 13. Even viewing the facts alleged in a light most favorable to Plaintiffs, this Court thus does not find that the FAC has sufficiently alleged that the warrant or threat of arrest were substantially motivated by an intent to retaliate against Plaintiff for reporting the incident to law enforcement.

### 3) Reports to DPD and DPHE

Finally, Plaintiffs Miller and the Wilhours offer only a legal conclusion that the dismissal of their "reports" as "unfounded" was a First Amendment violation. ECF 33 ¶ 64. The Court need not accept this conclusory assertion as true, as there are no facts alleged that would allow this Court to infer that the inaction was "substantially motivated as a response to the plaintiff[s'] exercise of constitutionally protected conduct." *Worrell v. Henry*, 219 F.3d 1197, 1213 (10th Cir. 2000) (quotation omitted).  Additionally, Plaintiffs have not directed this Court to any authority that clearly establishes a constitutional rights violation from this conduct.

24

D. *Second Amendment (Claim Fourteen)*

The Second Amendment provides a substantive right and is incorporated against the states by the Fourteenth Amendment. *See McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 791 (2010) (holding Fourteenth Amendment incorporates Second Amendment right recognized in *Heller*). As the Supreme Court noted in *Heller*, however, "the right secured by the Second Amendment is not unlimited," and concealed carry prohibitions have historically been upheld as lawful under the Second Amendment. *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008) (citations omitted). And in *McDonald*, the Court defined the Second Amendment as protecting "the right to possess a handgun in the home for the purpose of self-defense." 561 U.S. at 791. Following this line of cases, the Tenth Circuit has concluded that, consistent with this nation's history of concealed carry restrictions, the Second Amendment does not provide a right to carry a concealed firearm. *Peterson v. Martinez*, 707 F.3d 1197, 1209 (10th Cir. 2013).

As a result, Plaintiff Haubenreiser has not sufficiently pleaded a Second Amendment violation for revocation of his concealed carry permit and has not identified any legal authority for the proposition that the Second Amendment protects this right.

To the extent that Plaintiff Haubenreiser claims a procedural due process violation based on the revocation of his concealed carry permit, either in Claim Five or Claim Fourteen, this claim also fails. Plaintiff fails to allege he was not afforded appropriate process before deprivation of a protected interest. *See* C.R.S. § 18-12-207(1) (if a concealed carry permit is suspended or revoked, judicial review may be sought in lieu of sheriff's second review where pre-deprivation remedies cannot anticipate state actor's wrongful conduct); *Becker v. Kroll*, 494 F.3d 904, 921 (10th Cir. 2007) (citations omitted) (post-deprivation state tort remedies are adequate for procedural due process). Plaintiff also does not argue that the state procedure was inadequate or that any part of

25

the procedure was denied to him. And Plaintiff fails to cite any authority to suggest that a "final

formal letter of disposition," ECF 33 ¶ 11, was necessary to invoke these procedures.

As a result, Plaintiffs have not stated a plausible claim under the Second Amendment or as

a procedural due process violation in relation to Plaintiff Haubenreiser's concealed carry permit.

This Court thus recommends that Claims Five and Fourteen, as they pertain to the concealed carry

permit, be dismissed.

### E.  *Civil Conspiracy (Claim Nine)*

Plaintiffs' Claim Nine for civil conspiracy under § 1983 is wholly conclusory and states

only that "[t]he coordinated actions of the Defendants in this case constitute such a conspiracy."

ECF 33 ¶ 70. Plaintiffs fail to "specifically plead facts tending to show agreement and concerted

action" between any Defendants as private individuals and state actors. *See Beedle v. Wilson*, 422

F.3d 1059, 1073 (10th Cir. 2005). Additionally, as noted above, Plaintiffs fail to allege a necessary

predicate constitutional violation, with the sole exception of Plaintiff Haubenreiser's October 2024

arrest. Therefore, the FAC fails to allege a conspiracy to commit a constitutional violation.

### F.  *Failure to Train and Supervise (Claim Ten)*

Plaintiffs' Claim Ten alleges municipal liability for failure to train and supervise. ECF 33

¶ 71. To establish municipal liability on a failure to train theory, Plaintiffs must allege a municipal

policy or custom and a "direct causal link between the policy or custom and the injury alleged."

*Waller v. City and Cnty. of Denver*, 932 F.3d 1277, 1284 (10th Cir. 2019) (quoting *Bryson v. City

of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010)) (quotations omitted). "*In limited circumstances*,

a local government's decision not to train certain employees about their legal duty to avoid

violating citizens' rights may rise to the level of an official government policy for purpose of §

1983." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (emphasis added). Only when a

municipality's failure to train constitutes deliberate indifference to an individual's rights can such a shortcoming be considered as a "policy or custom" that supports a claim under § 1983. *Id.* (quoting *Canton v. Harris*, 489 U.S. 378,388 (1989)) (quotations omitted).

Plaintiffs' claim for failure to train is wholly inadequate. Plaintiffs fail to provide any detail of the training that was not provided and how that would constitute deliberate indifference. As a result, Plaintiffs' Claim Ten fails to state a plausible claim.

### III.    Americans with Disabilities Act

Under Claim Two, Plaintiffs allege a violation of the ADA[10] against the City and individual officials. ECF 33 ¶ 63. Plaintiff Haubenreiser asserts "he was separated from his service animal during two wrongful arrests" and that DPHE's failure to address the elevator outages restricted Plaintiff Haubenreiser's access to his unit. *Id.* Plaintiff Miller alleges his ADA claim based on habitability issues, and DPD's failure to respond to his complaints. *Id.*

Defendants argue that Plaintiff Haubenreiser does not sufficiently plead an ADA violation because the FAC does not allege he requested an accommodation. ECF 40 at 21. As to Plaintiff Miller's allegations, Defendants contend that the conditions of the Property cannot establish an ADA claim against a government entity. *Id.*

### A. *Mr. Haubenreiser's Arrests*

The ADA requires public entities to reasonably accommodate an individual's disabilities. 42 U.S.C. § 12112(b)(5)(A). The Tenth Circuit has not decided whether the ADA applies to arrests. *Clark v. Colbert*, 895 F.3d 1258, 1265 (10th Cir. 2018) (first citing *J.H. ex rel. J.P. v. Bernalillo Cty.*, 806 F.3d 1255, 1260-61 (10th Cir. 2015); and then citing *Gohier v. Enright*, 186 F.3d 1216,

---

[10] Defendants do not contest that Plaintiffs Haubenreiser and Miller are qualified individuals with a disability under the ADA. *See* 42 U.S.C. § 12102(2)(A).

1221 (10th Cir. 1999)). This Court assumes, without finding and for this Motion only, that accommodation may be necessary when arresting individuals with disabilities, and that such a claim could be viable against the City and County of Denver. *See J.H. ex rel. J.P.*, 806 F.3d at 1261; *Estate of Burnett v. City of Colo. Springs*. 616 F. Supp. 3d 1111, 1131 (D. Colo. 2022) (citing *Reyes v. Jensen*, 857 F. App'x 436, 439 (10th Cir. 2021) (unpublished)).

Here, though, Plaintiff Haubenreiser alleges that "Officers dismissed Plaintiff's PTSD and failed to provide necessary accommodations" during the two incidents of arrest. ECF 33 ¶¶ 32; 63. Plaintiff Haubenreiser alleges his condition was "dismissed," but Plaintiff Haubenreiser does not allege that any of the arresting officers were aware of his *need for an accommodation*. At the most, Plaintiff Haubenreiser alleges they became aware of his disability. *See id.*; *see also Estate of Burnett*, 616 F. Supp. 3d at 1131 (dismissing ADA claim due to failure to allege officers knew accommodation was needed). Plaintiff Haubenreiser also does not allege sufficient facts to infer that his need for accommodation was obvious, such that his failure to allege as much is not fatal to his claim. *Robertson v. Las Animas Cnty. Sheriff's Dept.*, 500 F.3d 1185, 1198 (10th Cir. 2007); *cf. A.V. through Hanson v. Douglas Cnty. Sch. Dist. RE-1*, 586 F. Supp. 3d 1053, 1065 (D. Colo. 2022) (finding failure to reasonably accommodate disability plausibly alleged based on warnings about arrestee's disability and obvious need for accommodation, including arrestee repeatedly banging his head on the patrol car windows).

### B. *Habitability Issues*

Regarding Plaintiffs' ADA claim based on the conditions of the Property, Plaintiffs have not alleged any facts, nor identified any legal support, to hold the City of Denver or its officials liable for habitability violations relating to the Plaintiffs' privately owned apartment complex. The Court recommends this portion of the claim be dismissed with prejudice because it is obvious that

amendment would not cure this claim. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (citation omitted).

### IV.     Federal Housing Standards

Plaintiff's Claim Seven is also meritless. The FAC cites 42 U.S.C. § 1437f and 24 C.F.R. § 982.401, but neither the statute nor the federal regulation create a private right of action to enforce habitability violations against a city. *See Freeman v. Raytheon Techs. Corp.*, No. 23-1133, 2024 WL 1928463, at *6 (10th Cir. May 2, 2024) (unpublished) (affirming dismissal of claims under statutes and federal regulations that do not create private rights of action). The Court recommends this claim be dismissed with prejudice because amendment would be futile.

### V.     State Law Claims

This Court's subject matter jurisdiction over the present lawsuit is based on federal question jurisdiction. 28 U.S.C. § 1331. Plaintiffs invoke supplemental jurisdiction, 28 U.S.C. § 1367(a), to assert five state law tort claims: Claim Six (Intentional Infliction of Emotional Distress); Claim Eight (Negligence); Claim Eleven (Gross Negligence); Claim Twelve (Intentional Interference with Business Relations); and Claim Thirteen (Gross Negligence against the City of Denver). Defendants argue that Plaintiffs' state tort claims are not within the exceptions enumerated in the Colorado Governmental Immunity Act (CGIA), C.R.S. § 24-10-101, *et seq.*, and are thus barred by the Eleventh Amendment. ECF 40 at 22.

The CGIA expresses a limited waiver of sovereign immunity for certain claims against public entities and public employees for injuries that lie in tort. *See* C.R.S. §§ 24-10-106(1). Before proceeding on such claims, a plaintiff must substantially comply with the CGIA's jurisdictional notice requirement, which is a matter of substantive state law and applicable in claims brought in federal court on supplemental jurisdiction. § 24-10-109(1) (Notice provision is a "jurisdictional

prerequisite" and "failure of compliance shall forever bar any such action"); *see Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 838 (10th Cir. 2003) (citing *Renalde v. City & Cnty. of Denver, Colo.*, 807 F. Supp. 668, 675 (D. Colo. 1992)) (CGIA notice requirement applies in federal court); *Finnie v. Jefferson Cnty. Sch. Dist. R-1*. 79 P.3d 1253, 1257 (Colo. 2003) (endorsing "substantial compliance" standard). "Colorado courts consistently hold that a plaintiff must plead compliance with the CGIA's notice provisions in the complaint to avoid dismissal." *Aspen Orthopaedics*, 353 F.3d at 838 (citations omitted). Although the Parties have not raised the issue, the Court may consider any jurisdictional defect *sua sponte*. *See id.*; *e.g., Weise v. Colorado Springs, Colo.*, 421 F. Supp. 3d 1019, 1050 (D. Colo. 2019) (raising CGIA notice provision *sua sponte*); *see* Fed. R. Civ. P. 12(h)(3).

The written notice must be filed within 182 days of discovery of the injury, § 24-10-109(1), and such written notice must contain:

> (a) The name and address of the claimant and . . . [their] attorney, if any; (b) A concise statement of the factual basis of the claim, including the date, time, place, and circumstances of the act, omission, or event complained of; (c) The name and address of the public employee involved, if known; (d) A concise statement of the nature and the extent of the injury claimed to have been suffered; [and] (e) A statement of the amount of monetary damages that is being requested.

§§ 24-10-109(2)(a)-(e). The CGIA is a "non-claim statute," meaning "a plaintiff cannot invoke equitable defenses such as waiver, tolling, or estoppel to overcome" noncompliance. *City and Cnty. of Denver v. Crandell*, 161 P.3d 627, 633 (Colo. 2007) (*en banc*) (citation omitted).

Here, Plaintiffs fail to plead compliance with the CGIA notice requirement which is fatal to all state law claims. The FAC does not state that Plaintiffs provided any written notice before filing suit, and the filing and service of a complaint would not be sufficient alone for any claims that would fall within the 180-day notice period. *See Johnson v. Western State Colo. Univ*, 71 F. Supp. 3d 1217, 1231 (D. Colo. 2014) (citing *Kratzer v. Colo. Intergovernmental Risk Share*

30

*Agency*, 18 P.3d 766, 769 (Colo. Ct. App. 2000)). Accordingly, Plaintiffs' state law claims must be dismissed without prejudice because Plaintiffs have failed to establish this Court's jurisdiction over Claims Six, Eight, Eleven, Twelve, and Thirteen. *See Weise*, 421 F. Supp. 3d at 1050 (dismissing state law claims without prejudice for failure to plead CGIA compliance); *Brereton*, 434 F.3d at 1216 (dismissal for lack of jurisdiction must be without prejudice).

### VI.    Qualified Immunity

All Defendants have asserted qualified immunity and have argued that Plaintiffs have failed to plead any constitutional violations, and even so, such violations were not clearly established. *See* ECF 40 at 7. Because this Court agrees that Plaintiffs have failed to plead any constitutional violation, except in part of one claim (Claim Four), this Court need not consider whether qualified immunity applies. The Court notes that qualified immunity must be adequately presented to be considered, and arguments must be presented on both prongs specific to the facts at hand. *See Berryman v. Niceta*, 145 F.4th 1134, 1140-41 (10th Cir. 2025). And the Court advises Plaintiffs that if the issue is sufficiently raised, then Plaintiffs have the burden to overcome the defense. *T.D. v. Patton*, 868 F.3d 1209, 1220 (10th Cir. 2017). In any future pleading, Plaintiff should be prepared to provide support for any claim under § 1983 as being clearly established. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

## CONCLUSION[11]

Based on these proposed findings, this Court **RECOMMENDS** that Defendants' Motion

to Dismiss [ECF 40] be **GRANTED, in part,** and:

1) All claims against the Denver Police Department and Denver Department of Health and Public Environment be **dismissed with prejudice**;

2) Plaintiffs' ADA claim (Claim Two) based on wrongful habitability violations be **dismissed with prejudice**;

3) Plaintiffs' ADA claim (Claim Two) based on Plaintiff Haubenreiser's wrongful arrest be **dismissed without prejudice**;

4) Claim Seven be dismissed **with prejudice**;

5) Claims One, Three, Five, Nine, Ten, and Fourteen be **dismissed without prejudice**;

6) Claim Four be **dismissed without prejudice**, as to all Defendants except Defendants Yanez and Lee.

7) Claims Six (Intentional Infliction of Emotional Distress); Eight (Negligence); Eleven (Gross Negligence); Twelve (Intentional Interference with Business Relations); and

---

[11] Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the Magistrate Judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (holding that the district court's decision to review Magistrate Judge's recommendation *de novo* despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of Magistrate Judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal certain portions of Magistrate Judge's orders by failing to object to those portions); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).

Thirteen (Gross Negligence against the City of Denver) be **dismissed without prejudice** for lack of subject matter jurisdiction.

This Court further **RECOMMENDS** that the Motion to Dismiss should be **DENIED IN PART**, only as to Claim Four, and only as it relates to the claim asserted by Plaintiff Haubenreiser against Defendants Yanez and Lee for his alleged unlawful arrest on October 24, 2024.

To the extent that Plaintiff Haubenreiser seeks the Court's leave to consider his Motion for Acceptance of this Response as Timely (Or Extension) Under Fed. R. Civ. P. 6(b)(1)(B) [ECF 46], the Court **GRANTS** the Motion and considers the filing as part of the briefing on Defendants' Motion to Dismiss. The Court reminds Plaintiff Haubenreiser of the responsibilities that come with prosecuting a civil case, which include obligations to comply with deadlines and to remain up-to-date on the status of this case, even if his access to the U.S. Mail becomes limited.[12]

Finally, this Court recommends that Plaintiffs be allowed 14 days from the issuance of the District Court Judge's Order to file a Second Amended Complaint that will become the operative pleading. This Court advises Plaintiffs—for the last time—that any further amendment which fails to satisfy Fed. R. Civ. P. 8 and 15 or fails to cure deficiencies identified herein or by District Judge Wang may result in this Court recommending dismissal with prejudice. Plaintiffs are also reminded that pleadings or other documents must be signed and filed on each Plaintiff's own behalf. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented.").

---

[12] Plaintiff Haubenreiser has made several requests for e-filing privileges. *See* ECF 54 at 2. As previously noted by District Judge Wang, ECF 47, the Court cannot grant this request because Plaintiff must apply for e-filing privileges through PACER. The Court's website, cod.uscourts.gov, provides Instructions for seeking e-filing privileges under the "Representing Yourself" tab.

The Clerk of Court is **DIRECTED** to mail a copy of this Recommendation to:

Jason Haubenreiser
600 Lafayette Street
Denver, Colorado 80218

Daniel K. Miller
1950 Trenton Street #114
Denver, Colorado 80220

Elizabeth Wilhour
1950 Trenton Street #114
Denver, Colorado 80220

Sean Wilhour
1950 Trenton Street #114
Denver, Colorado 80220

The Clerk of Court is further **DIRECTED** to email a copy of this Recommendation to

Plaintiff Jason Haubenreiser at jhauben@gmail.com.

DATED at Denver, Colorado, this 24th day of February, 2026.

BY THE COURT:

_____
Timothy P. O'Hara
United States Magistrate Judge