**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 24-cv-02399-NYW-TPO

JASON HAUBENREISER,
DANIEL K. MILLER,
ELIZABETH D. WILHOUR, and
SEAN M. WILHOUR,

  Plaintiffs,

v.

CITY AND COUNTY OF DENVER,
DENVER POLICE DEPARTMENT,
LIEUTENANT JAMES COSTIGAN,
MARY J. DULACKI,
OFFICER EMMET HURD,
DETECTIVE SPITZER,
OFFICER ALVARADO,
OFFICER YANEZ,
OFFICER LEE,
DENVER DEPARTMENT OF HEALTH AND PUBLIC ENVIRONMENT,
INSPECTOR OCHOA, and
SUPERVISOR MATSUDA,

  Defendants.

---

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter is before the Court on the Recommendation issued by the Honorable Timothy P. O'Hara on February 24, 2026. [Doc. 59]. Judge O'Hara recommends that Defendants' Motion to Dismiss, [Doc. 40], be granted in part and denied in part, *see* [Doc. 59 at 2, 32–33]. Specifically, he recommends that all claims in this case be dismissed except for Claim Four, to the extent it is asserted by Plaintiff Haubenreiser against Defendants Yanez and Lee and is based on Plaintiff Haubenreiser's alleged unlawful

arrest in October 2024.  [*Id.* at 33].[1]  Judge O'Hara also recommends that Plaintiffs be granted leave to file a Second Amended Complaint within fourteen days of the date of this Order.  [*Id.*].

The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the Parties.  [*Id*. at 32 n.11]; *see also* 28 U.S.C. § 636(b)(1)(C).  The Recommendation was served on February 24, 2026.  *See* [Doc. 59 at 34].  No Party has objected to the Recommendation and the time to do so has elapsed.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").  In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[2] Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.  Based on this review, the Court has concluded that the Recommendation is thorough, well-reasoned, and a correct application of the facts and the law.

Accordingly, Defendants' Motion to Dismiss is **GRANTED in part** and **DENIED in part**, as set forth below.  The Court will also adopt Judge O'Hara's Recommendation

---

[1] The Recommendation includes a chart that sets out each claim asserted in the First Amended Complaint, the Plaintiff(s) asserting the claim, the Defendant(s) named in the claim, and a citation to relevant allegations.  [Doc. 59 a 4–5].

[2] This standard of review is something less than a "clearly erroneous or . . . contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

insofar as it recommends that Plaintiffs be granted leave to file a Second Amended Complaint.

However, the Court observes that since they signed the First Amended Complaint, *see* [Doc. 30; Doc. 30-1; Doc. 33], Plaintiffs Daniel K. Miller, Elizabeth Wilhour, and Sean Wilhour have not participated in this case. They did not respond to Defendants' Motion to Dismiss, and they have not joined in Plaintiff Haubenreiser's recent Motions. *See, e.g.*, [Doc. 55; Doc. 56; Doc. 57]. For his part, Plaintiff Haubenreiser appears to proceed as if he is the only remaining Plaintiff in this case. *See* [Doc. 57 (Plaintiff Haubenreiser seeking leave to file an amended pleading that names himself as the single Plaintiff)]. It thus appears to this Court that Plaintiffs Miller and Wilhour no longer wish to participate in this litigation, and indeed, their claims have been dismissed through this Order.

For purposes of clarity with respect to any amended pleading and to ensure the efficient progression of this litigation, it is **ORDERED** that, on or before **April 2, 2026**, Plaintiffs Daniel K. Miller, Elizabeth Wilhour, and Sean Wilhour **SHALL SHOW CAUSE** as to why they should not be dismissed as Plaintiffs in this case for failure to prosecute. *See* D.C.COLO.LCivR 41.1 ("A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute."). **If Plaintiffs Miller and Wilhour do not file a response or otherwise fail to show good cause by this deadline, the Court will direct the Clerk of Court to terminate them as Plaintiffs in this case.**

In addition, Plaintiffs are **GRANTED LEAVE** to file a Second Amended Complaint no later than **April 30, 2026**. The Second Amended Complaint may not include any claims dismissed with prejudice in this Order. However, **no Second Amended Complaint may be filed in this case until this Court has either discharged its Order**

3

**to Show Cause or made its Order to Show Cause absolute.**  If Plaintiffs Miller and Wilhour show good cause and demonstrate their intent to re-raise claims in this case, and if this Court discharges its Order to Show Cause, then **all Plaintiffs must file a single Second Amended Complaint, signed by all Plaintiffs, that includes all of their claims.  Plaintiff Haubenreiser may not file a separate amended pleading asserting only his claims unless this Court makes its Order to Show Cause absolute and terminates Plaintiffs Miller and Wilhour as Parties to this case.  If no Second Amended Complaint is filed by April 30, 2026, the First Amended Complaint [Doc. 33] will remain the operative pleading in this action and only Plaintiff Haubenreiser's Claim Four will remain, to the extent it is asserted against Defendants Yanez and Lee and is based on Plaintiff Haubenreiser's October 2024 arrest.**

Accordingly, it is **ORDERED** that:

(1)    The Recommendation [Doc. 59] is **ADOPTED**;

(2)    Defendants' Motion to Dismiss [Doc. 40] is **GRANTED in part** and **DENIED in part**;

(3)    All claims asserted against the Denver Police Department and the "Denver Department of Health and Public Environment," *see* [Doc. 33 at 1], are **DISMISSED with prejudice**;

(4)    Claims One, Three, Five, Nine, Ten, and Fourteen are **DISMISSED without prejudice**;

(5)    Claims Six, Eight, Eleven, Twelve, and Thirteen are **DISMISSED without prejudice** for lack of subject matter jurisdiction;

(6)    Claim Two is **DISMISSED without prejudice** to the extent it is based on Plaintiff Haubenreiser's arrest and is **DISMISSED with prejudice** to the extent it is based on wrongful habitability violations;

(7)    Claim Four is **DISMISSED without prejudice** <u>except</u> to the extent it is asserted by Plaintiff Haubenreiser against Defendants Yanez and Lee;

(8)    Claim Seven is **DISMISSED with prejudice**;

(9)    Plaintiff Jason Haubenreiser's Motion for Extension of Time Nunc Pro Tunc to Accept Response to Motion to Dismiss [Doc. 55] is **DENIED as moot**;

(10)    Plaintiff Jason Haubenreiser's Motion for Leave to File Surreply to Defendants' Reply in Support of Motion to Dismiss [Doc. 56] is **DENIED as moot**;

(11)    Plaintiff Jason Haubenreiser's Motion for Leave to File [Second] Amended Complaint [Doc. 57] is **DENIED as moot**;

(12)    On or before **April 2, 2026**, Plaintiffs Daniel K. Miller, Elizabeth Wilhour, and Sean Wilhour **SHALL SHOW CAUSE** as to why they should not be dismissed as Plaintiffs in this case for failure to prosecute.  **Failure to respond or otherwise show good cause will result in this Court terminating Plaintiffs Miller and Wilhour from this case**;

(13)    Plaintiffs are granted leave to file a Second Amended Complaint no later than **April 30, 2026**, **subject to the strict requirements set forth above**; and

(14)    The Clerk of Court shall mail a copy of this Order to:

Daniel K. Miller
1950 Trenton Street
#114
Denver, CO 80220

Elizabeth Wilhour
1950 Trenton Street
#114
Denver, CO 80220

Sean Wilhour
1950 Trenton Street
#114
Denver, CO 80220

and

Jason Haubenreiser
600 Lafayette Street
Denver, Colorado 80218

DATED:  March 19, 2026                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge

6